# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUDOLPH MCNEIL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-09-2627 |
| BOBBY P. SHEARIN, *et al*. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending is Defendants' Motion for Summary Judgment. Paper No. 15. Plaintiff opposes the motion. Paper No. 18. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2009).

### Background

Plaintiff claims on December 5, 2008, at approximately 8:00 a.m. he and his cell mate were awakened, placed in handcuffs, and watched as Sergeant Macown and Officer Kerling packed the property from their cell and placed it into boxes. He states their property was packed so that neither of the officers would be able to tell whose property belonged to whom. The two men were then escorted to the property room where they were strip searched. Plaintiff states he never told any of the offices which container held his property.

Plaintiff claims he and his cell mate were taken back to their cell after being strip searched and they were not permitted to witness the search of their property. Approximately four hours later, Officer Gilpin ordered Plaintiff to face the back wall of his cell and remove his sweatshirt and hat so he could be handcuffed and escorted to another housing unit where he was strip searched. Plaintiff claims he was approached by Officer Gaughan to sign a notice of

infraction which he did. He claims that as Gaughan was about to give him a copy of the document he was stopped by Officer Gilpin, who stated Plaintiff was going into the holding cell where he was not allowed to have any papers with him. Plaintiff claims he was then taken to an isolation cell where he stayed for three days without receiving a notice of infraction or being informed of the reasons for his placement in the cell.

At an adjustment hearing held on December 18, 2008, Plaintiff states he brought to Hearing Officer Nastri's attention that he did not receive a copy of the infraction. He further claims that while he was in the process of naming his witnesses and requesting that the surveillance video be presented at the hearing, he was interrupted by Nastri who prevented him from giving his version of events. Plaintiff states he was not permitted to call Gaughan to testify regarding service of the infraction, nor was Plaintiff allowed to present other evidence regarding lack of service. Plaintiff further states he was not provided with an explanation as to why his requests were denied. Plaintiff asked for a postponement of his adjustment hearing so he could be provided a copy of the infraction, but again his request was denied because Nastri believed Plaintiff had been given a copy.

Plaintiff sates he was forced to go forward with the hearing where he was not presented with the evidence against him, i.e., there was no physical evidence presented. He further claims he was not permitted to cross-examine Officer Nave, who wrote the notice of infraction. In addition, Plaintiff's request for the video surveillance tape was denied. Plaintiff was found guilty, sentenced to 365 days of segregation, and good conduct credit was revoked. Plaintiff claims he was denied due process when he was not provided with notice of the infraction and was denied the witnesses and evidence he requested at the hearing. Paper No. 1 at pp. 3 –9.

Defendants allege on December 5, 2008, Officer Nave was doing an inventory of Plaintiff's property when he asked Plaintiff if his property contained anything he was not allowed to have. Plaintiff replied that he did not and Nave put Plaintiff's property through x-ray. Paper No. 15 at Ex. 1. When Plaintiff's property was x-rayed, a razor blade was found embedded in a tube of Chapstick belonging to Plaintiff. Id. Plaintiff was told he would receive an infraction for violation of rule 105, which prohibits possession of a weapon and rule 406, which prohibits possession of contraband.

Plaintiff's adjustment hearing was held on December 18, 2008, where it was noted that Plaintiff was served with a copy of the notice of infraction which he signed and noted witnesses. Id. at Ex. 4, p. 1. At the hearing Sergeant Johnson testified that "possession" for purposes of the infraction means knowledge, dominion or control of any article, whether joint or exclusive, actual or constructive. Id. at p. 2; see also DCD 105-1, p. 3. Plaintiff's defense was that his property was mixed with his cell mate's property and the Chapstick where the razor blade was found was not his. Id. Plaintiff testified that the officers asked whose property was whose, but they did not ask about all the property in the cell.

Hearing Officer Nastri asked Nave for clarification regarding how the search of property was performed and how Nave determined who owned the property in question. Id. Nave testified that before the property was x-rayed, Plaintiff identified the bin of property as the property belonging to him. Nave said he asked Plaintiff if there was anything sharp in the bin they had to be careful about and Plaintiff responded that there was not. Plaintiff denied speaking with Nave about his property, stated he was not present when his property was x-rayed, and requested a copy of the video surveillance tape of the inventory. Id. Plaintiff's request for the video of the search was considered; however, it was determined that there was no video

3

surveillance tape. Nastri also noted that he did not have the authority to order DOC officials to produce evidence of this type if had existed, but noted that Plaintiff was permitted to question Nave in lieu of introducing a video of the inventory.

Plaintiff was allowed to call as a witness his cell mate, Jose′ Barello who testified that was not the owner of the Chapstick containing the razor blade; he was not asked which bin of property was his; and he was present at the time of the search. Id. at Ex. 4, p. 2. Barello did not witness the x-ray of property. Id. at p. 3. Sergeant Johnson clarified that when inmates are strip searched they are separated and would be unable to hear any conversations the other one had with anyone else. Id. at p. 2. Sergeant Macowan also testified and explained that when the cell is searched they ask the inmates assigned to the cell, who are standing just outside the cell, which property is theirs. He further explained that with respect to cosmetics they would ask who kept their cosmetics on which shelf, then the items claimed by one inmate would be placed in the bin belonging to that inmate. Id. at p. 3.

Plaintiff was found guilty of both rule violations based on Nastri's determination of witness credibility. Specifically, Nastri found that Plaintiff was not convincing when he denied the chapstick was his and his cell-mate was convincing when he stated he did not have chapstick. In addition, Nastri found the officers' testimony regarding separation and identification of property belonging to cell mates to be credible. Id. at pp. 4-- 5. Plaintiff was then sanctioned with 365 days of segregation and loss of 81 days of diminution credits. Id. at p. 5.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

4

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. See Wolff v. McDonnell, 418

U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence". Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Baker v. Lyles, 904 F. 2d 925, 932 (4th Cir. 1990).

The mere fact that a DOC rule governing adjustment hearings was violated, does not necessarily equal a due process violation. See Riccio v. County of Fairfax, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); Ewell v. Murray, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due").

Plaintiff claims he was not provided with adequate notice of the charges against him. He admits he signed the notice of infraction and does not dispute the summary of evidence presented to the adjustment hearing officer. Assuming that summary is correct, it is clear Plaintiff received actual notice of the charges, enabling him to present a cogent defense to those charges. Plaintiff maintained that the contraband did not belong to him and questioned the procedure by which the officers conducting the search kept track of which property belonged to which inmate. Although his defense was not successful, it was a viable defense. The hearing officer chose to find the testimony of the officers who conducted the search and others who explained search policy, to be

a credible explanation addressing the concerns about identification of the property as Plaintiff's. Thus, both the actual notice received and the evidence relied upon were constitutionally sufficient.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Plaintiff's claim regarding the failure by prison officials to return his property fails to state a claim and must be dismissed.

**Conclusion**

Based on the foregoing analysis this Court concludes that Defendants are entitled to summary judgment. A separate Order follows.

Date: April 20, 2010          /s/
                              Roger W. Titus
                              United States District Judge

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing plaintiff's due process claim.

8